Robert J. Cino, Esq. (Bar ID 030672008)
Leslie A. Saint (Bar ID #018022008)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES COTTON,<br><br>                  Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY<br>and JOHN DOES 1-5 AND 6-10,<br><br>                  Defendants. | CIVIL ACTION NO.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, CIVIL DIVISION, MIDDLESEX COUNTY** |

TO:    William T. Walsh, Clerk of Court
        United States District Court for the District of New Jersey
        Martin Luther King Building & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07102

        Kevin M. Costello
        Costello & Mains, LLC
        18000 Horizon Way
        Suite 800
        Mt. Laurel, NJ 08054
        Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant International Paper Company ("Defendant") respectfully submits this Notice and Petition for Removal of a case from the Superior Court of New Jersey, Civil Division, Middlesex County, bearing Docket No. MID-L-2377-20, and as grounds for removal, states as follows:

1. On or about April 17, 2020, Plaintiff James Cotton ("Plaintiff") commenced a civil action against Defendant in the Superior Court of New Jersey, Middlesex County, captioned James Cotton v. International Paper Company, et als. Docket No. MID-L-2377-20. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2. Defendant was served with a copy of the Summons and Complaint on May 5, 2020.

3. No proceedings have taken place in the state court action. Defendant has not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

4. This Notice of Removal is timely filed within the provisions of 28 U.S.C. § 1446(b). Defendant effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

5. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest.

6. Plaintiff is, and has been, both upon the filing of the subject Complaint on April 17, 2020, and the filing of this removal petition, a citizen and resident of the State of New Jersey. (See Plaintiff's Complaint, Ex. A).

7. Defendant is, and has been, both upon the filing of the subject Complaint on April 17, 2020, and the filing of this removal petition, a corporate entity incorporated under the laws of the State of New York with its principal place of business in the State of Tennessee. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

8. Plaintiff's Complaint includes two counts against Defendant, for allegedly taking

2

retaliatory action against him in violation of the New Jersey Law Against Discrimination ("LAD"), § 10:5-1 *et seq.*

9.    The entire amount in controversy, while not specifically enumerated in Plaintiff's Complaint, appears to contemplate an amount exceeding the sum or value of $75,000, exclusive of interest.  Plaintiff asserts claims under the LAD and seeks recovery of compensatory damages, back pay and front pay, lost wages and benefits, punitive damages, interest and attorney's fees and costs.

10.    Consequently, given the extensive relief requested by Plaintiff, Defendant submits that the amount in controversy exceeds the jurisdictional amount.

11.    Because there is complete diversity between Plaintiff and Defendant and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount-in-controversy requirement of 28 U.S.C. § 1332.  Accordingly, this action is properly removable to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

12.    This Court is in the District Court of the United States for the District and Division embracing the place where this civil action is currently pending as required by 28 U.S.C. § 1441(a). Therefore, venue is proper in this Court.

13.    Defendant files this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

14.    Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of filing of this Notice of Removal to Plaintiff and a copy of such Notice has been filed with the Clerk of the Superior Court of New Jersey, Civil Division, Middlesex County.

3

**WHEREFORE**, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Civil Division, Middlesex County, be removed to this United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922

By:    */s/ Robert J. Cino*
Robert J. Cino
Leslie A. Saint
Attorneys for Defendant

Dated:  June 4, 2020

4827-5929-3375, v. 1

4

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Marisa J. Hermanovich
Attorney I.D. No. 071372013
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JAMES COTTON,<br><br>Plaintiff(s),<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY and JOHN DOES 1-5 AND 6-10,<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br><br>MIDDLESEX COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: MID-L-2377-20<br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-

576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: April 28, 2020

**Name of Defendant to be Served:**     International Paper Company

**Address of Defendant to be Served:**  The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JAMES COTTON, | SUPERIOR COURT OF NEW JERSEY |
| | MIDDLESEX COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | |
| INTERNATIONAL PAPER COMPANY | DOCKET NO: |
| and JOHN DOES 1-5 AND 6-10, | |
| | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, James Cotton, by way of Complaint against the Defendants, says:

### Preliminary Statement

Plaintiff brings this action under the New Jersey Law Against Discrimination ("LAD") alleging retaliation for reporting discrimination during the course of his employment.

### Identification of Parties

1.    Plaintiff James Cotton is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants.

2.    Defendant International Paper Company is, at all relevant times herein, a corporation operating at 140 Summerhill Road, Spotswood, New Jersey 08884 and is the former employer of the Plaintiff.

3.    Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

1

## General Allegations

4.    Plaintiff began working at Defendant on or about March 28, 2019.

5.    Plaintiff thereafter became a full-time employee of Defendant on or about June 3, 2019.

6.    At all times, Plaintiff worked up to the reasonable expectations of his employer.

7.    Plaintiff is African-American.

8.    During his employment, Plaintiff's Supervisor, George Lyons, was disparately critical of Plaintiff's work as opposed to Caucasian employees.

9.    On or about August 1, 2019, Lyons told Plaintiff that he was having performance issues and suggested that he transfer to another department within the company.

10.    The following day, Plaintiff was introduced to a new employee, Dimitri, and was instructed to train him.

11.    On or about August 7, 2019, Dimitri told Plaintiff that another Supervisor, Aaron Howard, had pulled him aside and stated, "Don't listen to anything that nigger says to you. That nigger don't know shit," referring to Plaintiff.

12.    At the end of the day, Howard blamed Plaintiff for a slowdown of production of over the prior two days over the department-wide headset system.

13.    Plaintiff offered to meet Howard in the office if he wanted to discuss a problem, to which Howard responded, "We can go in the office. We can go in the street. We can go wherever you want to."

14.    Dimitri later told Plaintiff that after he left for the day, Howard stated that Plaintiff was, "from the streets," and "wasn't one to play with."

15.   The following day, August 8, 2019, Plaintiff was scheduled to have off but was called into work to cover a shift.

16.   When Plaintiff arrived, Howard asked why he was there and told him that they did not need him.

17.   Later that day, Plaintiff was called to the office and asked about a shift change that he had submitted so that he could be home when his children got home from school.

18.   During the meeting, Production Manager, Keith Hauser, asked Plaintiff if his request had anything to do with Howard, to which Plaintiff responded that it did not.

19.   Human Resources Specialist, Eileen Shemchuck, then entered the meeting and advised Plaintiff that Howard had documented Plaintiff for allegedly stating, "I know people. We can take it into the office," over the headset the previous week.

20.   Plaintiff responded that he had also documented the conversation over the headset and emailed the union about Howard's racist statements to Dimitri.

21.   Plaintiff then wrote a statement regarding Howard's racial harassment and submitted it to Ms. Shemchuck.

22.   Plaintiff thereby engaged in LAD-protected conduct.

23.   On August 13, 2019, Plaintiff was asked to come to a meeting with Hauser, Human Resources Manager, Melissa Bena-Sitar, and General Manager, Peggy Giuliano.

24.   Giuliano asked Plaintiff about his written harassment complaint and whether he wanted to proceed with a grievance.

25.   Plaintiff stated that he wanted to proceed, and Giuliano told him that she did not want an altercation and would let him know when to come back to work.

3

26.     Bena-Sitar called Plaintiff ahead of his next four shifts and advised him not to come to work.

27.     On or about August 23, 2019, Plaintiff was advised not to report to work until further notice.

28.     Plaintiff was next advised by his Union Representative not to return to his employment at Defendant because no one would back up his allegations against Howard.

29.     Plaintiff thereby understood his employment with Defendant to be terminated.

30.     On or about September 4, 2019, Plaintiff received a voicemail message from Bena-Sitar in which she asked if he planned to attend a meeting with the Defendant the following day.

31.     With the understanding that his employment had been terminated, and without knowledge of what the meeting was about, Plaintiff did not appear at the meeting.

32.     Plaintiff thereafter received correspondence from Defendant stating that since Defendant had not heard back from the Plaintiff, he was considered to have voluntarily resigned.

33.     Such resignation was a discharge, as Plaintiff was not advised to return to Defendant because no one would support his allegations against Howard.

34.     Defendant's termination of Plaintiff's employment was in retaliation for his good faith complaint of racial discrimination.

35.     Defendant thereby forced Plaintiff to suffer economic and emotional harm.

36.     Because the actions of the Defendant were undertaken by members of upper management and/or members of upper management were willfully indifferent to the same and because those actions were especially egregious, punitive damages are warranted.

4

## COUNT I

### Retaliation Under the LAD

37.     Plaintiff hereby repeats and realleges paragraphs 1 through 36, as though fully set forth herein.

38.     For the reasons set forth above, the Defendants are liable to the Plaintiff for unlawful retaliation, up to and including termination of Plaintiff's employment, in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Request for Equitable Relief

39.     Plaintiff hereby repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40.     Plaintiff requests the following equitable remedies and relief in this matter.

41.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

42.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

5

43.   To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

44.   Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

45.   Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

46.   Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

47.   Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:   **/s/ Kevin M. Costello**

Dated: April 17, 2020                 **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:   /s/ Kevin M. Costello
        Kevin M. Costello


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:   /s/ Kevin M. Costello
        Kevin M. Costello

7

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:   /s/ Kevin M. Costello
      **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:   /s/ Kevin M. Costello
      **Kevin M. Costello**

MID-L-002377-20   04/17/2020 12:31:53 PM  Pg 1 of 1 Trans ID: LCV2020730744

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-002377-20

**Case Caption:** COTTON JAMES  VS INTERNATIONAL PAPER  COMPANY

**Case Initiation Date:** 04/17/2020

**Attorney Name:** KEVIN MICHAEL COSTELLO

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : COTTON, JAMES

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
        If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
        If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/17/2020
Dated

/s/ KEVIN MICHAEL COSTELLO
Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   APRIL 17, 2020
                    RE:     COTTON JAMES  VS INTERNATIONAL PAPER  COMPANY
                    DOCKET: MID L -002377 20

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES F. HYLAND

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:  (732) 645-4300 EXT 88905.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                          ATT: KEVIN M. COSTELLO
                          COSTELLO & MAINS, LLC
                          18000 HORIZON WAY STE 800
                          MT LAUREL       NJ 08054-4319

ECOURTS